IN RE ESTATE OF FRANK NOTESTEIN.
J. H. MARR, CLAIMANT.[1]

January 25, 1929.

No. 26,869.

*A. V. Rieke, Bonita F. Rieke* and *Maurice H. Rieke,* for appellant.
*Walter P. Wolfe,* for respondent.

DIBELL, J.

The claimant, J. H. Marr, presented his claim against the estate of Frank Notestein to the probate court of Hennepin county. It was disallowed. On appeal to the district court, where there was a trial de novo, there were findings for the claimant in the sum of $925. The administrator of the estate, Ernest S. Lombard, appeals from the order denying his motion for a new trial.

On September 1, 1925, one Laura Matson, as lessor, entered into a lease with one Vinnie M. Smith, as lessee, and Shirley C. Smith and Frank W. Notestein, as sureties for the lessee, wherein the lessor leased property in Minneapolis for one year and the lessee agreed to pay $85 per month during a part of the time and $100 during part of the time. Prior to the execution of the lease, the lessee was informed that the premises would not be leased to her until she procured other signers as sureties. Frank W. Notestein

[1]Reported in 223 N. W. 147.

and Shirley C. Smith signed as sureties. The lessee occupied the premises for one year after September 1, 1925. On October 1, 1925, Laura Matson, lessor, assigned to J. H. Marr the rents to become due commencing October 1, 1925. Due notice was given to all the parties, including Notestein. No part of the rent was paid after the assignment except $85, leaving $925 due. Notestein died on January 31, 1926, and Lombard was appointed administrator.

The evidence sustains the finding that the decedent, Notestein, signed as surety for the lessee. It is sufficiently proved that Laura Matson assigned the rents to Marr. We find nothing in the record indicating that either Matson or Marr did anything to release Notestein while living or his estate after his death. Whatever of dispute there is between the parties as to the nature of the original transaction or as to the subsequent acts of Matson and Marr is settled adversely to the representative of the estate by the finding of the trial court.

Order affirmed.